IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

2019 JUN 21 PM 2:20

| | | |
|---|---|---|
| JANET B.,[1] | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:19-CV-039-BQ |
| | § | |
| ANDREW SAUL,[2] | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

The United States District Judge transferred this case to the undersigned United States Magistrate Judge for further proceedings. Defendant did not consent to the jurisdiction of the Magistrate Judge. Now before the court is Defendant's unopposed "Motion to Remand and Incorporated Memorandum"[3] filed on June 19, 2019. ECF No. 19.

## I.    Recommendation

In accordance with the order of transfer, the undersigned now files this Report and Recommendation and recommends that the United States District Court grant Defendant's unopposed motion and enter judgment remanding the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies Plaintiff only by her first name and last initial.

[2] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

[3] While Defendant did not attach a certificate of conference to the motion, Part 3 of the motion indicates that the parties did, in fact, confer on June 19, 2019, and that Plaintiff does not oppose the motion. ECF No. 19, at 3.

1

## II.     Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: June **21**, 2019

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE